UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRYANT LOVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 2:18-CV-11 PPS ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

Bryant Love, a prisoner without a lawyer, filed a complaint against the Federal Bureau of Investigation. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Love states that he submitted a request to the FBI under the Freedom of Information Act for its investigative file on him, which he needs to prepare a defense for his pending criminal case. *See United States v. Love*, 2:17-cr-2-PPS-JEM. He alleges

that the FBI failed to expedite his case even though his request qualifies for expedited processing as it involves "the loss of substantial due process rights." Love seeks an order directing the FBI to expedite his request for processing and to produce the investigative file.

The Freedom of Information Act generally requires federal agencies to search for and release agency records upon a citizen's request. 5 U.S.C. § 552(a)(3)(A); *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754–55 (1989). Absent unusual circumstances, the Act requires federal agencies to respond to such requests within twenty days. 5 U.S.C. § 522(a)(6). Additionally, the federal regulations provide for expedited processing if the request involves "the loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii).

Love's criminal case is the appropriate forum to issue his request for the investigative file. As a criminal defendant, Love is generally entitled to receive evidence that is material to his defense from the government. *See* Fed. R. Crim. P. 16; *Brady v Maryland*, 373 U.S. 83, 87 (1963). However, he provides no indication that he has even made such a request in his criminal case. Additionally, the duty to disclose evidence in a criminal case is broader than the duty to disclose law enforcement records under the Freedom of Information Act, which provides an exception for disclosures that would reveal confidential informants or law enforcement techniques and procedures. *See* 5 U.S.C. § 522(b)(7). Also, Love will likely benefit from pursuing his request in the criminal case with the assistance of appointed counsel. Because there is no apparent

valid reason to subject the government to civil proceedings for the sole purpose of obtaining discovery for his criminal case, I dismiss this case as malicious. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (defining "malicious" for purposes of 28 U.S.C. § 1915A as "intended to harass").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it is malicious.

SO ORDERED on April 23, 2018.

/s/ Philip P. Simon
Judge
United States District Court