UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRYANT LOVE,                              )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )    CAUSE NO. 2:18-CV-11 PPS
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
                                          )
            Defendant.                    )

OPINION AND ORDER

Bryant Love, a prisoner without a lawyer, filed a motion to alter or amend the order dismissing this case pursuant to 28 U.S.C. § 1915A. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Love filed a complaint, alleging a claim under the Freedom of Information Act (FOIA) against the Federal Bureau of Investigation and seeking expedited processing of his request for his investigative file. ECF 1. I dismissed this case as malicious because there was no apparent valid reason for Love to subject the government to civil proceedings for the sole purpose of obtaining discovery for his pending criminal case in light of the discovery procedures available to criminal defendants. ECF 8.

Love now argues that he should be allowed to proceed because the drafters of the relevant FOIA regulations were aware of criminal defendants' ability to obtain

discovery in criminal proceedings when they drafted the regulations. The Freedom of Information Act generally requires federal agencies to search for and release agency records upon a citizen's request. 5 U.S.C. § 552(a)(3)(A); *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754–55 (1989). The regulations provide for expedited processing if the request involves "the loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii). To Love's point, criminal defendants may qualify for such expedited processing when seeking records from the FBI for use in pending criminal proceedings. *See e.g., Aguilera v. F.B.I.*, 941 F. Supp. 144, 149 (D.D.C. 1996); *Cleaver v. Kelley*, 427 F. Supp. 80, 81 (D.D.C. 1976). However, in these cases, the criminal defendants typically seek federal records for use in state criminal proceedings. *See id.* By contrast, Love seeks federal records for use in a federal criminal case by filing a federal civil case with the same parties in the same court. As I discussed previously, here, a FOIA lawsuit is a significantly inferior mechanism for obtaining criminal discovery when compared to filing the proper motion in a criminal case. *See* Fed. R. Crim. P. 16; *Brady v Maryland*, 373 U.S. 83, 87 (1963); 5 U.S.C. § 522(b)(7). In the absence of any reasonable purpose for bringing such a lawsuit, I can only conclude that the lawsuit is malicious.

      Love further argues that, contrary to the previous order, he has requested the investigative file in his criminal case. He attaches correspondence with his criminal defendant attorneys, indicating that he has discussed his request with them and also sent requests to the federal prosecutor. However, Love has not brought this discovery

issue to the court's attention in the appropriate forum, his criminal case. As previously discussed, Love is much more likely to receive the documents he needs by filing the proper motion in his criminal case due to the more favorable disclosure requirements in criminal proceedings and with assistance of counsel. He has simply provided no reasonable basis for his refusal to pursue them in his criminal case or for his insistence on pursuing them in a civil action.

For these reasons, the court DENIES the motion to alter or amend the judgment (ECF 10).

SO ORDERED on May 18, 2018.	/s/ Philip P. Simon
Judge
United States District Court